IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| John Adam Martin, # 97943-071 )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>The United States of America, )<br>)<br>    Respondent. )<br>_____ ) | Cr. No. 8:01cr868-GRA<br>C/A No. 8:05cv1237-GRA<br><br>**ORDER**<br>(Written Opinion) |

    This matter is before this Court on the petition of John Adam Martin, who has filed a *pro se* motion pursuant to 28 U.S.C. § 2255. The Respondent filed a response and motion for summary judgment on August 5, 2005. Petitioner was sent an order pursuant to *Roseboro v. Garrison,* 528 F2d 309 (4th Cir. 1975) on August 18, 2005, notifying him of the summary judgment procedure. Petitioner filed his response in opposition to the Respondent's motion on September 19, 2005. For the reasons set forth below, the Respondent's summary judgment motion is granted.

    On August 28, 2002, Martin was named in a two count indictment in the District of South Carolina. The counts in the Indictment charged Martin with bank robbery on or about March 23, 2001 and May 4, 2001, in violation of 18 U.S.C. § 2113 (a). On June 10, 2003, Martin, represented by Attorney Benjamin Stepp, was found guilty of both counts of the Indictment at a jury trial before this court. On November 10, 2003, Martin's sentencing hearing was held. His guideline range for a total offense level of 29 and a criminal history category of II was 97 - 121 months imprisonment. On September 3, 2003, Martin was sentenced to 121 months imprisonment and 3 years of supervised release. Judgment was

1

entered on the district court docket on September 15, 2003. On July 26, 2004, after reviewing the entire record, the United States Fourth Circuit Court of Appeals held that: (1) evidence was sufficient to support convictions; (2) ten-month delay between indictment and trial did not violate defendant's Sixth Amendment speedy trial rights; (3) district court did not plainly err with respect to the *Allen* charge it gave to jury; (4) the district court's alleged bias did not affect the trial; and (5) the district court did not clearly err in imposing drug and alcohol treatment as a condition of supervised release and affirmed his convictions and sentence. *See United States v. Martin*, 104 Fed. Appx. 903 (4th Cir. 2004). Petitioner filed the instant § 2255 on April 28, 2005.

Petitioner's motion alleges four grounds for relief:

1. Actual Innocence

2. Ineffective Assistance of Counsel where counsel failed to object to unconstitutional enhancements which increased petitioner's base level offense without submitting those facts to a jury and failed to supplement his appeal where *Blakely v. Washington* was decided during the pendency of Petitioner's direct appeal."

3  Ineffective Assistance of counsel where counsel failed to object to the obvious 'force' and conduct in which the Court forced the juror to reach a verdict after three previous attempts.

4. Ineffective Assistance of counsel where counsel failed to expose the obvious inconsistencies of the expert analysis testimony concerning fingerprint evidence, which could only amount to fraud imposed upon the Court and "false declarations," coupled with the gross deficient performance of never even inquiring of either of the Respondent's witnesses "to attempt identification of the Petitioner, either by height of description.

### STANDARDS OF REVIEW

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a

pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Summary judgment is appropriate if "there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir. 1995). A court must view all evidence "in the light most favorable to the nonmoving party." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 756 (4th Cir. 1996). This standard includes resolving all doubts and drawing all inferences in that party's favor. However, the Court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner proceeds under 28 U.S.C. §2255 which provides in part:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255.

## DISCUSSION

I.  Ground One- Actual Innocence

The petitioner asserts that because of counsel's ineffective assistance of counsel, the petitioner was prejudiced out of a fair trial where counsel failed to put the government's witnesses to any meaningful adversarial test which would have changed the outcome of the proceedings and shown him to be innocent. "The 'fundamental miscarriage of justice' exception is available to those who are actually innocent." *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997); see

also *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To establish that a constitutional violation has probably resulted in the conviction of one who is actually innocent "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Petitioner has failed to meet this standard. Based on the record before this Court, there was substantial evidence to support the jury's guilty verdicts. Further, the Fourth Circuit upheld Petitioner's convictions and Petitioner's assertions do not present an "unquestionable" case of innocence, given the substantial independent evidence of his guilt presented at trial. Petitioner's allegation is without merit.

## 2.  Grounds Two, Three and Four

The Petitioner's remaining claims are based on ineffective assistance of counsel. Petitioner must demonstrate ineffectiveness of counsel under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the petitioner. *Id.* at 687.  An attorney's performance is deficient if it "fell below an objective standard of reasonableness."  *Id.* at 688.  In considering the deficiency, the court's "scrutiny of counsel's performance must be highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

Not only must a petitioner prove deficiencies by counsel, there must also be a showing that the deficiencies actually prejudiced the case.  Normally to show prejudice, the Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In Ground two of his motion, Petitioner contends that his lawyer failed to object to sentencing enhancements and supplement his appeal with argument in light of the Supreme Court's recent decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Since *Blakely* did not affect the federal sentencing guidelines, Petitioner's attorney had no issue to raise. Petitioner's appellate brief was filed on December 22, 2003. *Blakely* was not decided until June 24, 2004. The pertinent rule in effect at the time of Martin's sentencing was set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). There the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Id.* Petitioner was not sentenced to more than the statutory maximum on his conviction. Further, Petitioner's counsel was not ineffective for failing to anticipate change in the law in his appeal. Thus, he has failed to meet his burden under the first prong of *Strickland,* making it unnecessary to consider the prejudice prong. *See United States v. Saeteurn*, 2005, WL 831264 (D. Alaska, Mar. 11, 2005) (where counsel at sentencing had challenged gun bump because jury had acquitted defendant on § 924c count and hung on § 922(g) count, but appellate counsel raised no sentencing issues in brief, finding appellate counsel was not ineffective for failing to raise *Blakely / Booker* issue when *Blakely* had not yet been decided). However, even accepting Petitioner's contention that his counsel was unprofessional, he cannot show that the result of his proceeding would have been different had his attorney acted otherwise. As such, Petitioner has shown no error of constitutional magnitude. Therefore his claims of ineffective assistance of counsel fail.

Ground three of Petitioner's motion alleges failure to object to the way in which the District Court forced a verdict. This issue was decided on direct appeal and Petitioner will not be allowed to re-litigate issues that have already been decided adversely to him on appeal. *Boeckenhaupt v. United States*, 537 F.2d

1182 (4th Cir. 1976) (collateral attack cannot ordinarily be made on the basis of issues raised on direct appeal).

In order to prevail on his Motion collaterally attacking his conviction and sentence, Petitioner must prove a lack of jurisdiction, a constitutional error, or an error that constitutes a fundamental defect which inherently resulted in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428 (1962); *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979). Petitioner's claims do not satisfy those exacting standards and his claims fail.

Furthermore, once the defendant's chance to appeal has been waived or exhausted, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, the Supreme Court has long and consistently affirmed that a collateral challenge may not be used as an avenue to re-litigate issues already decided on direct appeal. *See, e.g., United States v. Addonizio*, 442 U.S. 178 (1979); *Hill v. United States*, 368 U.S. 424, 428-429 (1962); *Sunal v. Large*, 332 U.S. 174, 181-182 (1947); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942); *Glasgow v. Moyer*, 225 U.S. 420 (1912); *In re Gregory*, 219 U.S. 210, 213 (1911). As the Court has explained:

> When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review. It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice."

*United States v. Addonizio, supra*, at 184, 99 S.Ct., at 2239 (footnotes

omitted). *United States v. Frady*, 456 U.S. 152 (1982).

Ground four of Petitioner's motion alleges that his lawyer was ineffective in his failure to expose inconsistencies of the expert fingerprint analysis. Petitioner also alleges ineffective assistance of counsel because his attorney failed to object to the Respondent's introduction of 404(b) evidence. The record shows Petitioner's attorney cross examined the expert witnesses regarding the fingerprint evidence. (Trial Tr. 1-48 - 1-51, 1-55 -1-57, 2-42 - 2-48). Further, the record shows that Petitioner's attorney at the beginning of trial, argued extensively to exclude the 404(b) evidence. (Trial Tr. 1-5-1-6). Again, there is no evidence in the record that Petitioner's attorney did not provide competent assistance during the trial. Petitioner's allegations are baseless, general, conclusory statements. Presentation of conclusory allegations unsupported by specifics is subject to summary dismissal as they are contentions that in the face of the record are wholly incredible. *Blackledge v. Allison*, 431 U.S. 63, 73-73 (1977).

## CONCLUSION

Petitioner's claim in Ground one alleging actual innocence is without merit as set forth above. Further, his remaining claims of ineffective assistance of counsel as set forth above do not meet the standard enunciated in *Strickland* and therefore these claims fail.  Finally, Petitioner will not be allowed to re-litigate issues that have already been decided adversely to him on appeal. *Boeckenhaupt, supra.*

IT IS THEREFORE ORDERED that the Respondent's motion for summary judgment be GRANTED, and that the § 2255 petition be DISMISSED.

IT IS SO ORDERED.

          *signature*

          G. ROSS ANDERSON, JR.
          UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 6, 2005.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.